**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|   |   |
|---|---|
| CLOW VALVE COMPANY, a division of McWane, Inc. | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Case No.: JFM02CV3136 |
| MAYOR and CITY COUNCIL OF BALTIMORE CITY | ) ) ) |
| Defendant. | ) ) ) |

## MAYOR AND CITY COUNCIL OF BALTIMORE CITY'S
## AMENDED ANSWER TO COMPLAINT

The Mayor and City Council of Baltimore City (hereinafter the "City"), through its attorneys, Justin J. King, Principal Counsel, and Robert D. Anbinder, Assistant City Solicitor, answers Plaintiff's Complaint as follows:

1. The City lacks sufficient knowledge and information to admit or deny the information contained in paragraph 1.

2. The City admits the allegations contained in paragraph 2 of the Complaint.

3. Paragraph 3 is jurisdictional in nature and thus no answer is required. To the extent that an answer is required, the City reserves the right to challenge the Court's subject-matter jurisdiction.

4. Paragraph 4 is jurisdictional in nature and thus no answer is required. To the extent that an answer is required, the City reserves the right to challenge the venue.

5. The City lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. The City admits that it issued blanket Purchase Order #179565 on May 23, 2000 for Baltimore Standard Valves to Clow in the amount of $100,000 and that it issued a Change Order on March 6, 2001 increasing the amount to $140,000. The City is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint.

7. The City admits the allegations contained in paragraph 7 of the Complaint.

8. The City admits that Walter Blimline contacted Tom Walston but it is without knowledge and information sufficient to form a belief as to the truth of whether this was on September 7, 2001. The City denies that Blimline placed a large order by telephone with Walston. The City denies the allegations contained in the second sentence of paragraph 8 of the Complaint. The City denies that Blimline placed an order via telephone and is without sufficient knowledge and information to admit or deny the remaining allegations in the third sentence of paragraph 8 of the Complaint. The City is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9. The City denies the allegations contained in the first sentence of paragraph 9 of the Complaint. The City admits that Blimline signed, then faxed, a document to Clow but denies that it was a Sales Order. The City denies that Exhibit A is a sales order and is without sufficient knowledge and information to form an opinion as to whether Exhibit A is a true and correct copy.

10. The City denies the allegations contained in the first sentence of paragraph 10 of the Complaint. The City denies that Exhibit B is a Sales Order and is without sufficient knowledge and information to form an opinion as to whether Exhibit B is a true

and correct copy. The City is also without sufficient information to admit or deny whether Clow mailed copies of Exhibit A and B to Blimline.

11. The City denies that it sent Clow a sales order and is without sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 11 of the Complaint.

12. The City denies the allegations contained in the first sentence of paragraph 12 of the Complaint. The City admits the allegation contained in the second sentence of paragraph 12 of the Complaint.

13. The City admits that Clow representatives called Walt Blimline several times regarding allegedly past due invoices. All other factual allegations in the first sentence of paragraph 13 of the Complaint are denied. The City admits that Clow received no payments due from the City during November 2001. The City is without sufficient information to admit or deny whether a Clow representative called Cathy Smith regarding a past due invoice and faxed an invoice and proof of delivery on December 5, 2001.

14. The City is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 14 of the Complaint.

15. The City is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. The City admits the allegations in the first sentence of paragraph 16 of the Complaint. The City denies the allegations in the second sentence of the paragraph 16 of the Complaint. The City is without sufficient knowledge and information to admit or

deny the date the meeting took place but admits the remaining allegations contained in paragraph 16 of the Complaint.

17. The City is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 17 of the Complaint.

18. The City is without sufficient knowledge and information to admit or deny whether Blimline spoke to Malloy on March 21, 2002 but admits the remaining allegations contained in the first and second sentences of paragraph 18 of the Complaint. The City denies that a sales order was faxed and is without sufficient knowledge and information to admit or deny the remaining allegations in the third sentence of paragraph 18 of the Complaint.

19. The City is without sufficient knowledge and information to admit or deny the allegations contained in paragraph 19 of the Complaint.

20. The City admits that it sent checks to Clow dated April 30 and April 15, 2002, but denies all other allegations contained in paragraph 20 of the Complaint.

## COUNT ONE – BREACH OF CONTRACT

21. The City incorporates by reference its responses to the paragraphs of the Complaint that Plaintiff has incorporated by reference in paragraph 21.

22. The City denies the allegations contained in paragraph 22 of the Complaint.

23. The City denies the allegations contained in paragraph 23 of the Complaint.

24. The City denies the allegations contained in paragraph 24 of the Complaint.

25. The City denies the allegations contained in the first sentence of paragraph 25 of the Complaint. The City is without sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 25 of the Complaint.

## COUNT TWO – UNJUST ENRICHMENT

26. The City incorporates by reference its responses to the paragraphs of the Complaint that Plaintiff has incorporated by reference in paragraph 26.

27. The City denies the allegations contained in paragraph 27 of the Complaint.

28. The City admits that it received shipments from Clow but denies the remaining allegations contained in paragraph 28 of the Complaint.

29. The City admits that it has paid $11,606 and denies that it owes any additional amounts.

30. The City denies the allegations contained in paragraph 30 of the Complaint.

31. To the extent any portion of any allegation in the Complaint was left unanswered, that allegation is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff is estopped by its own actions from claiming any relief from the City.

2. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

3. Plaintiff fails to state a claim upon which relief can be granted.

4. Plaintiff failed to mitigate its damages.

5. Defendant claims the defense of mistake.

6. Defendant claims any other matter constituting an avoidance or affirmative defense.

7. Plaintiff has failed to exhaust its administrative remedies as specified within the Contract at issue.

WHEREFORE, the City requests that the Court enter judgment in its favor and against the Plaintiff on all claims, together with an award of attorney fees, court costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| _____ | _____ |
| JUSTIN J. KING | ROBERT D. ANBINDER |
| Bar No.: 00819 | Bar No.: 10885 |
| Principal Counsel | Assistant City Solicitor, |
| Department of Law | Department of Law |
| Room 81 | Room 81 |
| 100 N. Holliday Street | 100 N. Holliday Street |
| Baltimore, Maryland 21202 | Baltimore, Maryland 21202 |
| (410) 396-3945 | (410) 396-3204 |
| Fax: (410) 547-1025 | Fax: (410) 547-1025 |

Attorneys for the Mayor and City Council of Baltimore City, Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this _____ day of _____, 2003, a copy of the Mayor and City Council's Amended Answer to Complaint was mailed first class, postage prepaid to

>Otho M. Thompson, Esquire
>Mark D. Maneche, Esquire
>Venable, Baetjer and Howard, LLP
>Two Hopkins Plaza
>Suite 1800
>Baltimore, Maryland  21201-2978
>
>Jayna Partain Lamar, Esquire
>Maynard, Cooper & Gale, P.C.
>1901 Sixth Avenue North
>2400 AmSouth/Harbert Plaza
>Birmingham, Alabama 35203-2618

_____
ROBERT D. ANBINDER