IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CLOW VALVE COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. JFM 02-3136 |
| | ) | |
| MAYOR and CITY COUNCIL OF | ) | |
| BALTIMORE CITY | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF CLOW VALVE COMPANY'S OBJECTIONS AND
RESPONSES TO DEFENDANT'S INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Clow Valve Company ("Clow Valve"), by its undersigned attorneys, serves these objections and responses to Defendant's Interrogatories.

General Objections

1. The information contained in these Responses is provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of non-privileged facts within the recipient's knowledge that may be relevant or may lead to the discovery of relevant information. Accordingly, by providing the information requested, Clow Valve does not waive any objections to its admission in evidence on the grounds of relevance, materiality, or on any other proper ground for objection, nor does it submit to the instructions and definitions listed at the beginning of the Interrogatories, except insofar as those instructions and definitions specifically conform to the requirements of the Federal Rules of Civil Procedure and the applicable

>(for first shipment of valves), December 1, 2001 (for second shipment of valves), January 1, 2002 (for third shipment of valves), and February 1, 2002 (for final shipment of valves)

INTERROGATORY NO. 6

Identify all information relied upon and any efforts made by Clow to determine the existence, extent or limitation of the authority of Walter Blimline to order valves on behalf of the Defendant, including the dates of any communications, subject matter of any communications, and all those involved in such communications.

RESPONSE TO INTERROGATORY NO. 6

On or about March 27, 2000, the City placed a telephone order for 241 Clow Valves with Clow Valve sales representative Rick Walston. Rick Walston then faxed a handwritten order to Clow Valve for processing. Thereafter, the order was confirmed, processed and delivered to the City of Baltimore. At no time did the City challenge the authority for the order or the somewhat informal manner in which was placed, nor did the City ever refuse to pay a portion of that March 27, 2000 order.

Consistent with this course of dealing between Clow Valve and the City, on September 7, 2001, Walt Blimline – a City of Baltimore employee with actual authority and/or apparent authority to place orders on behalf of the City – called Tom Walston and placed a large order for Clow Valve products by telephone. Blimline insisted that Walston take the order over the telephone and apply it to Purchase Order #P179565. At no time during this telephone call did Blimline indicate or even suggest that he lacked

6

## VERIFICATION

STATE OF IOWA         )
                      ) SS:
COUNTY OF MAHASKA     )

Randy Malloy, having first been duly sworn, deposes and says that the answers contained in PLAINTIFF CLOW VALVE COMPANY'S OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES are true to the best of his knowledge, information, and belief.

_____
Randy Malloy

Sworn and subscribed before me on this 17th day of March, 2003.



_____
Notary Public

My commission expires on
___6-22-04___

Signature as to objections:

_____
Otho M. Thompson
Mark D. Maneche
Venable, Baetjer and Howard, LLP
1800 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, Maryland  21201
(410) 244-7400

Jayna Partain Lamar
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000

*Attorneys for Plaintiff Clow Valve Company*