IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

_____

CLOW VALVE COMPANY,  )
a division of McWane, Inc.  )
                                              )
    Plaintiff                 )
                                              )
    v.                     )    Case No.: <u>JFM 02 CV 3136</u>
                                              )
MAYOR and CITY COUNCIL OF  )
BALTIMORE CITY  )
                                              )
    Defendant.        )

_____

**<u>MAYOR AND CITY COUNCIL OF BALTIMORE CITY'S</u>**
**<u>RESPONSE TO CLOW VALVE COMPANY'S</u>**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**
**<u>and</u>**
**<u>MAYOR AND CITY COUNCIL OF BALTIMORE CITY'S</u>**
**<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**
**<u>and</u>**
**<u>REQUEST FOR HEARING</u>**

Mayor and City Council of Baltimore City ("the City"), by Justin J. King, Principal Counsel, Robert D. Anbinder, Assistant Solicitor, and Nicholas Johansson, Assistant Solicitor pursuant to Fed. R. Civ. Pro. Rule 56 and Local Rule 105(2)(c), hereby files this Response to Clow Valve Company's Motion for Summary Judgment and its Cross-Motion for Summary Judgment and for its reasons says:

    1.    The City did not order the valves that are the subject of the suit filed by Clow Valve Company ("Clow").

2. The City could not have ordered nearly $600,000 worth of valves because, as Clow knew but ignored, the Contract and Purchase Orders at issue had expired well before the valves were allegedly ordered.

3. The City could not have ordered nearly $600,000 worth of valves because, as Clow knew but ignored, the only valid un-expired City Purchase Order totaled just $87,500.00.

4. Clow made no effort to investigate the authority and the extent of the authority of the City agent on whom it relied before filling the alleged order, as required by Maryland law which charges those dealing with City agents with knowledge of the agent's financial limits.

5. The valves at issue do not meet the specifications set forth in the contract with Clow.

6. Plaintiff's equitable theory of unjust enrichment does not apply where, as here, there was a contract.

7. The City was not unjustly enriched by the delivery of valves that it did not order, does not want, and whose seasonable return by the City was rejected by Clow.

8. And for other reasons set forth in the accompanying Memorandum of Law.

WHEREFORE the Mayor and City Council of Baltimore City respectfully requests this Court deny Clow Valve's Motion for Summary Judgment and enter Summary Judgment in the City's favor and against Plaintiff, Clow Valve Company, in this matter.

 _____/s/_____
 JUSTIN J. KING
 Bar No.: 00819
 Principal Counsel
 (signed by Robert D. Anbinder,
 with permission of Justin J. King)
 Department of Law
 Room 81
 100 N. Holliday Street
 Baltimore, Maryland 21202
 (410) 396-3945
 **Fax: (410) 547-1025**


 _____
 ROBERT D. ANBINDER
 Bar No.: 10885
 Assistant City Solicitor,
 Department of Law
 Room 81
 100 N. Holliday Street
 Baltimore, Maryland 21202
 (410) 396-3204
 **Fax: (410) 547-1025**


 _____/s/_____
 NICHOLAS JOHANSSON
 Bar No.: 27067
 Assistant City Solicitor,
 (signed by Robert D. Anbinder,
 with permission of Nicholas Johansson)
 Department of Law
 Room 81
 100 N. Holliday Street
 Baltimore, Maryland 21202
 (443) 984-1473
 **Fax: (410) 547-1025**

 Attorneys for Defendant

**CERTIFICATION OF MAILING**

I HEREBY CERTIFY that on the 16th day of June, 2003, a copy of the foregoing Mayor and City Council of Baltimore City's Response to Clow Valve Company's Motion for Summary Judgment, Mayor and City Council of Baltimore City's Cross-Motion for Summary Judgment and Request for Hearing, and Memorandum in Support thereof, Exhibits and proposed Order were filed electronically to:

> Otho M. Thompson, Esquire
> Mark D. Maneche, Esquire
> Venable, Baetjer and Howard, LLP
> Two Hopkins Plaza
> Suite 1800
> Baltimore, Maryland  21201-2978

and mailed by first class, U.S. mail, postage paid, to:

> Jayna Partain Lamar, Esquire
> Maynard, Cooper & Gale, P.C.
> 1901 Sixth Avenue North
> 2400 AmSouth/Harbert Plaza
> Birmingham, Alabama 35203-2618

/s/
ROBERT D. ANBINDER
Assistant Solicitor
Bar No. 10885

Attorney for Defendant