

EXHIBIT W

| CLOW VALVE COMPANY | : | IN THE |
|---|---|---|
| Plaintiff | : | UNITED STATES |
| v. | : | DISTRICT COURT FOR |
| MAYOR AND CITY COUNCIL OF BALTIMORE CITY | : | THE DISTRICT OF MARYLAND (Northern Division) |
| | : | |
| Defendant | : | Case No. JFM 02 CV3136 |
| | : | |

## DEFENDANT'S REQUEST FOR ADMISSION OF FACTS AND GENUINENESS OF DOCUMENTS

Now comes the Defendant, Mayor and City Council of Baltimore by its attorneys, Justin J. King, Principal Counsel, and Robert D. Anbinder, Assistant Solicitor, submits the following Admission of Facts and Genuineness of Documents to be answered by the Plaintiff:

1. Plaintiff was awarded Contract BP- 99083 by the Defendant.

2. The document attached as Exhibit A is a true and accurate copy of Contract BP- 99083.

3. The document attached as Exhibit B contains a genuine signature of Plaintiff's authorized representative Larry J. Whitaker.

4. Contract BP- 99083 was effective as of May 12, 1999.

5. Contract BP- 99083 was for a term of two years.

6. Contract BP- 99083 expired on May 12, 2001.

7. Bureau of Purchases Purchase Order P179565 was issued under the authority of Contract BP- 99083.

8. The document attached as Exhibit C is a true and accurate copy of Purchase

21. The document attached as Exhibit G is a true and accurate copy of Purchase Order P179655.

22. Purchase Order P179655 dated May 11, 2001 was issued in the amount of $87,500.

23. The total maximum spending authority issued by the Defendant under Contract BP- 01170 was $87,500.

24. No spending authority of any other nature under Contract BP- 01170 exists other than Purchase Order P179655.

25. Plaintiff had received a copy of Contract BP – 99083 prior to May 12, 2001.

26. Plaintiff had received a copy of Purchase Order P179565 prior to May 12, 2001.

27. Plaintiff had received a copy of Change Order P179565 prior to May 12, 2001.

28. Plaintiff had received a copy of Contract BP- 01170 prior to September 2001.

29. Plaintiff had received a copy of Purchase Order P179655 prior to September 2001.

ROBERT D. ANBINDER
Assistant Solicitor
Department of Law
City Hall, Lower Level , Room 81
100 Holliday Street
Baltimore, Maryland  21202
(410) 396-3204

JUSTIN J. KING
Assistant Solicitor
Law Department

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| CLOW VALVE COMPANY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. JFM 02-3136 |
| ) | |
| MAYOR and CITY COUNCIL OF ) | |
| BALTIMORE CITY ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF CLOW VALVE COMPANY'S OBJECTIONS AND
RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSION
OF FACTS AND GENUINENESS OF DOCUMENTS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Clow Valve Company ("Clow Valve"), by its undersigned attorneys, serves these objections and responses to Defendant's Request for Admission of Facts and Genuineness of Documents.

**Preliminary Statement**

The following responses are made without waiver of, and with preservation of:

A. All objections as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceedings in this action (including the trial of this action), and in any other action;

B. The right to object to the use of any response, or the subject matter thereof, on any ground in any further proceedings in this action (including the trial of this action), and in any other action;

C. The right to object on any ground at any time to a demand or request for the further response (including further requests for admissions) to these or any other requests for admissions or other discovery proceedings involving or relating to the subject matter of the requests herein responded to; and

D. The right at any time to revise, correct, add to, supplement, or clarify any of the objections contained herein.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Clow Valve objects to this Request for Admission insofar as it is vague and calls for a legal conclusion. Subject to and without waiving these objections, Clow Valve admits that Contract Number BP-99083 states that it "IS A REQUIREMENTS CONTRACT FOR A PERIOD OF TWO (2) YEARS." Clow Valve otherwise denies this Request for Admission.

6. Clow Valve objects to this Request for Admission insofar as it is vague and calls for a legal conclusion. Subject to and without waiving these objections, Clow Valve denies this Request for Admission.

7. Clow Valve objects to this Request for Admission insofar as it is vague and calls for a legal conclusion. Subject to and without waiving these objections, Clow Valve is unable to determine the "authority" under which Purchase Order P179565 was issued based on the documents supplied in connection with Defendant's Requests for Admission. Clow Valve therefore denies this Request for Admission.

8. Admitted.

9. Admitted.

10. Clow Valve objects to this Request for Admission insofar as it is vague and calls for a legal conclusion. Subject to and without waiving these objections, Clow Valve is unable to determine the "authority of Purchase Order P179565" from the documents supplied in

20. Clow Valve objects to this Request for Admission insofar as it is vague and calls for a legal conclusion. Subject to and without waiving these objections, Clow Valve is unable to determine the "authority" under which Purchase Order P179565 was issued based on the documents supplied in connection with Defendant's Requests for Admission. Clow Valve therefore denies this Request for Admission.

21. Admitted.

22. Admitted.

23. Clow Valve objects to this Request for Admission insofar as it is vague and calls for a legal conclusion. Subject to and without waiving these objections, Clow Valve is unable to determine the "total maximum spending authority" under Contract Number BP-01170 from the documents supplied in connection with Defendant's Requests for Admission. Clow Valve therefore denies this Request for Admission.

24. Clow Valve objects to this Request for Admission insofar as it is vague and calls for a legal conclusion. Subject to and without waiving these objections, Clow Valve denies this Request for Admission.

25. Clow Valve has made a reasonable inquiry in response to this Request for Admission and the information readily obtainable by Clow Valve is insufficient to enable Clow Valve to admit or deny this Request for Admission. Clow Valve therefore denies this Request for Admission.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

Any Request for Admission or portion thereof not specifically admitted above is hereby denied.

*[signature]*
Otho M. Thompson
Mark D. Maneche
Venable, Baetjer and Howard, LLP
1800 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400

Jayna Partain Lamar
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000

*Attorneys for Plaintiff Clow Valve Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of February, 2003, a copy of Plaintiff Clow Valve Company's Objections and Responses to Defendant's Request for Admission of Facts and Genuineness of Documents was sent by regular mail, postage prepaid, to:

> Robert D. Anbinder, Esquire
> Assistant City Solicitor
> Department of Law
> Room 81
> 100 North Holliday Street
> Baltimore, Maryland 21202

*[signature]*
Mark D. Maneche